908 Greenfield Court
Kennedale, TX 76060
817-723-3870
Petitioner



**UNITED STATES DISTRICT COURT
DELEWARE DISTRICT COURT**

**Anthony James Floyd**
/
     PETITIONER ,

     Vs.
**United States of America,
Internal Revenue Service, And
Robert De Los Santos,
Special Agent)**
     RESPONDENTS.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case #  **1 8 - 2 7 6**
_____

MEMORANDUM OF LAW IN SUPPORT

OF  PETITION TO QUASH 3rd PARTY

SUMMONS

Date: _____

Time: _____

Dept/Room: _____

Deleware District Court
844 North King Street
Wilmington, DE 19801

Petitioner, Anthony James Floyd  (hereinafter "Floyd"), submits this Memorandum of law in support of his petition to quash summons issued by the respondents United States, et al.  As grounds for his petition Floyd contends that the Internal Revenue Service cannot meet the "relevancy and materiality" test required by <u>United States v. Powell, 379 U.S. 48 (1964).</u> Floyd further contends that the summons is nothing more than a "fishing

Memorandum of Law In Support of Petition To Quash
3rd Party Summons or Order of Modification
**Page  1**
Case #_____

expedition" completely void of any "realistic expectation" that the information sought "may be relevant," therefore it is Floyd's contention that the Internal Revenue Service cannot make any showing greater than an "idle hope" of finding something, as required by the decision in <u>United States v. Richards, 631 F. 2d. 341, 345 (4th Cir., 1980).</u> Lastly, it is Floyd's contention that the summons has been issued in "bad faith" contrary to Powell, supra, and therefore shows as follows:

## FACTS

Special Agent, Robert De Los Santos(hereinafter "De Los Santos"), operating out of the Internal Revenue Service office at 819 Taylor Street 6th Floor, Fort Worth, Texas, issued an IRS third party summons to Bank of America N.A.. The target of the summons was Bank of America N.A. The summons stated; "In the matter of Anthony James Floyd." The summons appears to have been issued August 27, 2018.

Pursuant to 26 U.S.C. §§ 7602(a), 7609(a)(3) , I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1, a summons must state on its face the "liability" (actual or ostensible) for which it is issued.

The summons issued by respondent De Los Santos in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued.

On the face of the summons that De Los Santos has not cited any authority to issue and enforce the summons in question.

The summons commands Bank of America N.A. to appear before De Los Santos, or his delegate, to give testimony and to bring:

1)          Bank records for all accounts located specifically account numbers 7051804586, 7053812454, 7054913673, 7054349613, 7055507623, 7056430833

2)          Savings Account records
3)          Deposit Slips and deposit items including cashed out foreign items 4) Copies of any applications for loans or mortgages records
5.)         Loan Records
6.)       Safe Deposit Box Records
7.)         Certificate of Deposit and Money Market Certificate
8.)         U.S. Treasury Notes and Bills
9.)         Credit Card Records
10.)        Purchases of Bank Checks
11.)        Other Record
12.)        All correspondence
13.)        all memoranda, notes, files or records or conversations concerning the petitioner

Memorandum of Law In Support of Petition To Quash 3rd Party Summons or Order of Modification

Memorandum of Law In Support of Petition To Quash 3rd Party Summons or Order of Modification

.

# ARGUMENT

The IRS has broad authority to issue summonses under 26 U.S.C. § 7602. Under Powell, supra the government must establish a prima facie case by "showing" that:

(1) that the summons was issued for a legitimate purpose.

(2) the summoned data may be relevant to that purpose.

(3) the data is not already in the government's possession; and

(4) the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed (Powell, supra 379 U.S. at 57-58).

It is well settled precedent summons must state the "liability" (actual or ostensible) for which it is issued in compliance with the requirements of 26 U.S.C. §§ 7602(a), 7609(a)(3) , I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1. The summons issued by respondent De Los Santos in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued. It is clear on the face of the summons that De Los Santos has not cited any authority to issue and enforce the summons in question.

Internal Revenue Code § 7602(a)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data which may be relevant or material" to "... "determining the liability of any person for any internal revenue tax." However, in order to force compliance with the summons the IRS must clearly show a "realistic expectation" that the information sought would be "relevant or material" to the legitimate purposes of the summons, and is not merely a "fishing expedition" conducted in the "idle hope" that they will find something. United States v. Bisceglia, 420 U.S. 141 (1975); United States v. Richards, 631 F. 2d 341, 345 (4th Cir., 1980); United States v. Harrington, 388 F. 2d 520, 524 (2d Cir., 1968).

The burden is upon the United States to show that the information sought is "relevant to proper purpose" United States v. Euge, 444 U.S. 707, 712 (1980); United States v. Huckaby, 776 F. 2d 564, 567 (5th Cir., 1985). It is readily apparent from the face of the summons that De Los Santos claimed no

"legitimate purpose" in issuing the summons. Therefore, De Los Santos has no "legitimate purpose," for the issuance of his summons.

Floyd is unable to find published in the federal register any notice that opening a bank account and creating signature cards or depositing of monies in one's bank account amounts to a violation of any internal revenue law. Further, the IRS has failed and refused to identify any tax law which Floyd is being investigate      under, which indicates that this summons is clearly a "fishing expedition" devoid of any "realistic expectation" and does not rise to any level greater than "idle hope."

United States v. Richards, 631 F. 2d at 345.

Absent legal authority for issuance and legitimate purpose for enforcement of the summons, nothing in Floyd's bank records could possibly give rise to a "realistic expectation" of those records being relevant to any legitimate investigation. Thus, Floyd contends that the summons is issued in "bad faith" with no purpose other than to harass and intimidate Floyd. It is unclear at this time what "bad faith" purpose De Los Santo is pursuing in issuance of this Summons. Thus, discovery and an evidentiary hearing will in all likelihood be required to determine the true purpose of this Summons [Powell, supra 379 U.S. at 58;   United States v. McCarthy, 514 F. 2d. 368   1  (3rd Cir., 1975].

**Wherefore,** Petitioner requests that the summons be quashed.

DATED:  9-15-2018

Anthony James Floyd