IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY JAMES FLOYD, | : |
| Petitioner, | : |
| v. | : Misc. No. 18-276-RGA |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, and ROBERT DE LOS SANTOS, Special Agent, | : |
| Respondents. | : |

**MEMORANDUM**

At Wilmington, this 18 day of April, 2019, having reviewed the petition to quash third party summons filed by Petitioner Anthony James Floyd ("Petitioner"), as well as the papers filed in connection therewith, it appears the petition to quash (D.I. 2) should be **DISMISSED** for the reasons that follow:

1. **Background**. Petitioner, who proceeds *pro se*, resides in Texas. On August 27, 2018, Internal Revenue Service Special Agent Robert De Los Santos served a third-party summons on Bank of America N.A., seeking records related to Petitioner's accounts with that institution. Petitioner filed a motion to quash the summons on the basis that it was issued without any legal authority or legitimate purpose and solely to harass him. (D.I. 2).

2. **Jurisdiction**. Federal courts are obliged to address subject matter jurisdiction *sua sponte*. *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). If the court lacks subject matter jurisdiction, it must dismiss

1

the complaint because it lacks the power to hear the case. See Fed. R. Civ. P. 12(b)(1); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Therefore, as a threshold matter, the Court must determine if subject-matter jurisdiction exists. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); *accord, Tristani ex rel. Karnes v. Richman*, 652 F.3d 360, 364 (3d Cir. 2011).

3. "The United States and its agencies enjoy immunity from suit except insofar as Congress has enacted legislation effecting an unequivocal waiver." *Upton v. I.R.S.*, 104 F.3d 543, 545 (2d Cir. 1997). With regard to the instant case, under 26 U.S.C. § 7609, Congress created a discrete and limited waiver of that immunity solely for the purpose of permitting a taxpayer to "quash an administrative summons served on a third-party recordkeeper." *Id.* (internal quotations omitted).

4. **Service**. Section 7609 authorizes and governs both the issuance of IRS summonses and petitions to quash summonses. Section 7609(b)(2) sets forth the proper procedure for quashing a third-party summons, as follows:

> (2) Proceeding to quash.—
> (A) In general.-- Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
> (B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, ***not later than the close of the 20–day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).***

2

26 U.S.C. § 7609(b)(2) (emphasis added). As set forth in the emphasized portion of the statute, a petitioner must serve by registered or certified mail a copy of the petition upon the person summoned and the IRS office designated by the Secretary within 20 days after notice of the summons. *Id.*

5. Section 7609 is a conditional waiver of the United States' sovereign immunity and, therefore, courts must construe its requirements strictly. *See Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990). "Failure to comply with § 7609(b)(2)(B) is a jurisdictional defect." *Wade v. Internal Revenue Serv.*, 208 F.3d 228, 2000 WL 293688, *1 (10th Cir. 2000) (citing 26 C.F.R. § 301.7609–3(b)(2)(iii)).

6. The current regulation governing proceedings to quash states in pertinent part:

> (2) Requirements for a proceeding to quash. To institute a proceeding to quash a summons, a person entitled to notice of the summons must, not later than the 20th day following the day the notice of the summons was served on or mailed to such person—
> (i) File a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court;
> (ii) Notify the Internal Revenue Service (IRS) by sending a copy of that petition to quash by registered or certified mail to the IRS employee and office designated in the notice of summons to receive the copy; and
> (iii) Notify the summoned person by sending by registered or certified mail a copy of the petition to quash to the summoned person.
> (3) Failure to give timely notice. ***If a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS in the manner described in this paragraph, that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding.***

26 C.F.R. § 301.7609-4(b) (emphasis added). Thus, to meet the service requirements, Petitioner needed to send a copy of the petition to the IRS office in

Fort Worth and to De Los Santos and to the Bank of America by registered or certified mail.

7. Petitioner provided exhibits with his Petition. They indicate that De Los Santos issued the third-party summons on August 27, 2018. Petitioner filed his Petition on September 17, 2018, which falls within the 20-day period provided for by 26 U.S.C. § 7609(b)(2) since the actual twentieth day, September 16, 2018, fell on a Sunday. The certificate of service does not indicate any service of the Petition upon Bank of America, N.A. In addition, while, according to the certificate of service, he served copies of the Petition upon the IRS Fort Worth, Texas office and De Los Santos (D.I. 2-2), the certificate of service indicates service was made by "mailing, postage prepaid," and therefore not by registered or certified mail. Finally, the certificate of service does not claim any compliance by Petitioner with the requisites of Fed. R. Civ. P. 4(i) for service on the United States, its agencies, or one of its officers or employees, as required when bringing a suit against the United States.

8. Because Petitioner failed to comply with statutory notice requirements relating to the IRS Office, De Los Santos, and the Bank of America, the Court lacks subject matter jurisdiction to hear this action. *See* 26 C.F.R. § 301.7609-4(b)(3); *Wade*, 2000 WL 293688 at *1; *see also Maehr v. Commissioner of Internal Revenue*, 2015 WL 5025363, at *3 (D. Col. July 24, 2015) (dismissing motion to quash for lack of subject matter jurisdiction where petitioner failed to timely serve petition upon summoned bank); *Pragovich v. Internal Revenue Serv.*, 2008 WL 4197762 (D. Colo. Sept. 10, 2008) (dismissing motion to quash for lack of subject matter jurisdiction where

4

petitioner failed to serve summoned parties). Accordingly, it appears the Court must dismiss the petition for lack of subject matter jurisdiction.

9. **Conclusion**. For the above reasons, the case will be dismissed *sua sponte* for lack of subject matter jurisdiction and the petition to quash third party summons will be dismissed, unless Petitioner shows within twenty days that, notwithstanding the certificate of service, he has served the Petition as required by law. A separate order shall issue.

*/s/ Richard G. Andrews*
UNITED STATES DISTRICT JUDGE